# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREL ATCHLEY; SCARLETT "TARA" ATCHLEY; and MAGNASSUN ATCHLEY, a minor by and through his guardian Ad Litem, Mesa Atchley,<br><br>                                  Plaintiffs,<br>     vs.<br>LA MESA POLICE OFFICER SEAN SNOW; LA MESA POLICE OFFICER RODOLFO SALAZAR; CITY OF LA MESA; COUNTY OF SAN DIEGO; and MARIA LUISA CORIA,<br><br>                                  Defendants. | CASE NO. 11cv1516 JM(WMc)<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND |

Pursuant to Fed.R.Civ.P. 15(a) Plaintiffs Tyrel Atchley ("Atchley"), Scarlett "Tara" Atchley ("Tara"), and Magnassun Atchley ("M.A.") move for leave to amend to add a Monell claim in the proposed Second Amended Complaint ("SAC"). Defendant Officers Sean Snow ("Snow") and Rodolfo Salazar ("Salazar") do not oppose the motion. Defendants Maria Luisa Coria ("Coria") and County of San Diego ("County") oppose the motion. Pursuant to Local Rule 7.1(d)(1), the matters presented are appropriate for decision without oral argument. For the reasons set forth below, the

court grants the motion for leave to amend to add a Monell claim.[1] Plaintiffs are instructed to separately file the proposed SAC within seven days of entry of this order.

**The Scheduling Order**

As noted by the parties, the filing of the proposed SAC would violate the scheduling order because any amended pleading had to be filed by March 8, 2013. (Ct. Dkt. 53). In order to file an amended pleading after the deadline set forth in the scheduling order, Plaintiffs must demonstrate "good cause." Fed.R.Civ.P. 16(b)(4); C.F. ex rel. Farnan v. Capistrano Unified School Dist., 654 F.3d 975 (9th Cir. 2011).

Here, the court concludes that Plaintiffs have demonstrated the requisite good cause. In the court's April 16, 2012 order granting County of San Diego's motion to dismiss the Monell claim alleged in the original complaint, the court dismissed the claim with leave to amend. (Ct. Dkt. 21). Plaintiffs did not include a Monell claim in the FAC. Plaintiffs now represent that discovery has revealed additional allegations supporting the assertion of a Monell claim against County. Plaintiffs have demonstrated diligence in discovering additional allegations and have timely moved for leave to file the SAC. Accordingly, Plaintiffs demonstrate good cause for their failure to timely file an amended pleading.

**Leave to Amend**

Under federal rules, leave to amend is to be freely given "when justice so requires." Fed.R.Civ.P. 15(a). Factors to be considered in determining whether to permit amendment include undue delay, bad faith, dilatory motive, undue prejudice, and futility. Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th cir. 2009).

The thrust of County's opposition is that the Monell claim, as alleged in the proposed SAC, (Ct. Dkt. 58), fails to state a claim and is in that sense futile. To state a municipal liability claim, Plaintiffs must show that the unconstitutional activities of

---

[1] The court incorporates its October 5, 2012 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("Order"). (Ct. Dkt. 32)

1  the government employee were pursuant to a "policy statement, ordinance, regulation,
2  or decision officially adopted and promulgated by [the entity's] officers." <u>Monell v.</u>
3  <u>N.Y. City Dep't of Soc. Servs.</u>, 436 U.S. 658, 690 (1978).  As noted in its original
4  April 16, 2012 order granting County of San Diego's motion to dismiss the <u>Monell</u>
5  claim, locating a "policy" ensures that a municipality "is held liable only for those
6  deprivations resulting from the decisions of its duly constituted legislative body or of
7  those officials whose acts may be fairly said to be those of the municipality."  <u>Board</u>
8  <u>of the County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 403-04
9  (1997) (citing <u>Monell</u>, 436 U.S. at 694).  Similarly, an act performed pursuant to a
10 "custom" which has not been "formally approved by an appropriate decisionmaker may
11 fairly subject a municipality to liability on the theory that the relevant practice is so
12 widespread as to have the force of law." <u>Id.</u> (citing <u>Monell</u>, 436 U.S. at 690-691); <u>see</u>
13 <u>also</u> <u>Jett v. Dallas Indep. Sch. Dist.</u>, 491 U.S. 701, 737 (1989) (holding that municipal
14 liability under § 1983 may be shown if Plaintiff proves that employee committed
15 alleged constitutional violation pursuant to a "longstanding practice or custom which
16 constitutes the 'standard operating procedure' of the local government entity.").

17      Viewing the complaint in the light most favorable to Plaintiffs, <u>Concha v.</u>
18 <u>London</u>, 62 F.3d 1493, 1500 (9th Cir. 1995), <u>cert. dismissed</u>, 116 S.Ct. 1710 (1996),
19 Plaintiffs allege that County has 24 different unconstitutional policies.  (SAC ¶167).
20 While none of those policies appear to be formal policies, the complaint defines
21 "policy" or "policies" to include customs and/or practices.  <u>Id.</u>  Those alleged customs
22 include the use of "undue influence, coercion and/or duress to cause the parent(s) to
23 enter into alleged 'voluntary' agreements;" compelling removal of children based upon
24 the parties' failure to admit unproven abuse allegations; failing to supervise social
25 workers, etc.  <u>Id.</u>  Further, Plaintiffs represent that these allegations are based upon the
26 discovery conducted to date. (Motion at p.5:5-9).  Although a close call, the court
27 cannot conclude that the amendment is futile as argued by County.  Consequently the
28 court grants the motion for leave to amend.  Plaintiffs are instructed to separately file

1 | the SAC within seven days of entry of this order. Plaintiffs are also instructed to file
2 | page 32 to the SAC, a page omitted from proposed SAC filed with the court.
3 |     In sum, the court grants the motion for leave to file the SAC and instructs
4 | Plaintiffs to file the SAC within seven days of entry of this order.
5 | **IT IS SO ORDERED.**
6 | DATED: June 21, 2013

Hon. Jeffrey T. Miller
United States District Judge

cc:     All parties