UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYREL ATCHLEY, an individual; SCARLETT "TARA" ATCHLEY, an individual; MAGNASSUN ATCHLEY, a minor by and through Mesa Atchley, his Guardian Ad Litem,<br><br>                   Plaintiffs,<br>vs.<br><br>LA MESA POLICE OFFICER, SEAN SNOW, an individual; LA MESA POLICE OFFICER RODOLFO SALAZAR, an individual; COUNTY OF SAN DIEGO HEALTH AND HUMAN SERVICES, a California Public Entity; MARIA LOUISA CORIA, an individual; and DOES 1 through 10, inclusive,<br><br>                   Defendants. | CASE NO. 11CV1516-JM (WMc)<br><br>**CONSOLIDATED ORDER ON VARIOUS PENDING MOTIONS**<br><br>(ECF Nos. 62, 67, 68) |

*Introduction*

There are several pending motions presently before the Court including: (1) Defendants' motion to file juvenile records under seal (ECF No. 62); (2) Plaintiffs' *ex parte* motion to extend the deadline to designate expert witnesses (ECF No. 67); and, (3) Plaintiffs' *ex parte* motion to file under seal documents in support of Plaintiffs' counsel's motion to withdraw as counsel (ECF No. 68). All motions are unopposed. The Court will first address the motions to file certain documents under seal (ECF Nos. 62, 68) then the motion to extend the deadline to designate expert witnesses (ECF No. 67).

- 1 -

11cv1516-JM (WMc)

*Motions to File Documents Under Seal*

Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds and the public, therefore, normally has the right to inspect and copy documents filed with the court. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597–98 (1978); *Globe Newspaper v. Superior Court for Norfolk County*, 457 U.S. 596, 603 (1982); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). However, public access may be denied where the court determines court-filed documents may be used for improper purposes. *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–1434 (9th Cir.1995). Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." *Hagestad*, 49 F.3d at 1434 (quoting *Nixon*, 435 U.S. at 602). The decision to seal documents is left to discretion of the trial court; the trial court exercises its discretion in light of the relevant facts and circumstances of the particular case. *Nixon*, 435 U.S. at 599. However, it is the moving party's burden to make a "particularized showing" as to why information should be sealed. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

In regards to Defendants' motion to file the juvenile records under seal, all of the relevant facts and circumstances point to sealing the records. Although there is a presumptive right of public access to court records, the Court may deny such access in order to protect sensitive personal information, such as medical and psychiatric records. *In re Application to Enforce Administrative Subpoenas of S.E.C. v. Nicita*, Civil No. 07CV0772 WQH (AJB), 2007 WL 4365553, at *1 and n. 2 (S.D. Cal. Dec. 11, 2007). The documents Defendants seek to file under seal include the minor Plaintiff's medical records which are confidential under state law. *See* Cal. Welf. & Inst. Code § 827. Furthermore, the parties filed a joint motion to dismiss the minor Plaintiff's claims and, therefore, the future relevance of these records is uncertain. Finding good cause for sealing these documents, the Court **GRANTS** Defendants'

request to seal these documents pursuant to Civil Local Rule 79.2 and directs the Clerk to file them under seal.

In regards to Plaintiff's *ex parte* motion to file under seal certain documents in support of Plaintiffs' counsel's request to withdraw as counsel, the Court denies this request because Plaintiffs' counsel failed to make a "particularized showing" as to what specific information should be sealed and why. *See Kamakana*, 447 F.3d at 1180. Plaintiffs' counsel cites to California Rule of Professional Conduct 3-100 (duty of confidentiality) but does not specifically articulate its applicability to the documents in the request. The documents Plaintiffs' counsel seeks to file under seal contain facts relating to Plaintiffs' failure to comply with the terms of the fee arrangement. Although, under California law, a written fee contract between an attorney and a client is subject to the duty of confidentiality and the attorney-client privilege (Bus. & Prof. Code § 6149), courts have refused to seal fee arrangement information absent a particularized showing of likely harm (e.g., fee arrangement information reveals litigation strategy). *Ferrington v. McAfee, Inc.*, Nos. 10–CV–01455–LHK, 11–CV–0721–LHK, 2013 WL 3814474, at *2 (N.D. Cal. July 22, 2013) citing *Travelers Prop. Cas. Co. of Am. v. Centex Homes*, 11–3638–SC, 2013 WL 707918, at *1 (N.D.Cal. Feb. 26, 2013) (holding "the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information"). Plaintiffs have failed to articulate the harm they will suffer if this information is made public. Accordingly, Plaintiffs' *ex parte* motion is **DENIED**.

***Plaintiffs' Ex Parte Motion to Extend the Deadline to Designate Expert Witnesses***

Plaintiffs move the Court to extend the deadline to designate expert witnesses in order for Plaintiffs to have additional time to identify and retain experts should the court grant Plaintiffs' counsel's motion to be relieved as counsel. (ECF No. 67, at 2). Plaintiffs' specifically requested the deadline to designate experts be extended from June 14, 2013 to July 26, 2013. *Id.* The Court granted Plaintiffs' counsel's

motion to be relieved on July 18, 2013. (ECF No. 79). Since then, the Court conducted a series of telephonic status conference to (a) find out if Plaintiffs intended to proceed in this action and hire new counsel, (b) to follow up on Plaintiffs' attempts to hire new counsel, and (c) to closely manage discovery. Because the time frame for the relief requested by Plaintiffs has passed and because Plaintiffs have not retained any experts as of the date of this order, Plaintiffs' motion is **DENIED** without prejudice.

*Conclusion*

For the reasons stated above, Defendants' motion to file juvenile records under seal (ECF No. 62) is **GRANTED**; (2) Plaintiffs' *ex parte* motion to extend the deadline to designate expert witnesses (ECF No. 67) is **DENIED without prejudice**; and, (3) Plaintiffs' *ex parte* motion to file under seal documents in support of Plaintiffs' counsel's motion to withdraw as counsel (ECF No. 68) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 21, 2013

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court